UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SOFT-AID, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 14-CV-10419-LTS |
| ) | |
| SAM-ON-DEMAND, LLC and ) | |
| DAVID MANSFIELD, ) | |
| ) | |
| Defendants. ) | |

ORDER ON REPORT AND RECOMMENDATION (DOC. NO. 140)

September 26, 2016

SOROKIN, J.

After de novo review of Magistrate Judge Boal's Report and Recommendation, Doc. No. 140, and both parties' objections, Doc. Nos. 146, 147, and replies to those objections, Doc. Nos. 149, 150, the Court ADOPTS the Report and Recommendation with the exception of the analysis of copyright infringement (Count I) at to the statement of work template ("SOW") (TXu-1-867-104) and the software by machine query computer code (TXu-1-867-067).

Plaintiff objects to the Magistrate Judge's recommendation that its Motion for Summary Judgment be denied on its copyright infringement claim (Count I) against Defendant Sam-on-Demand as to the SOW and the software by machine query computer code.[1] To establish copyright infringement, Plaintiff must prove two elements: "ownership of a valid copyright" and

---

[1] As the Magistrate Judge pointed out, Plaintiff did not include copies of the contracts with its Motion for Summary Judgment. Plaintiff did submit copies with Plaintiff's Reply. See Doc. No. 128-15, 128-51. As it is within the Court's discretion to consider material not properly presented to the Magistrate Judge, I will consider those contracts here.

"copying of constituent elements of the work that are original." Johnson v. Gordon, 409 F.3d 12, 17 (1st Cir. 2005). In its Reply to Plaintiff's Objections, Doc. No. 149, Defendant challenges both elements.

To show ownership of a valid copyright, 'a plaintiff must prove that the work as a whole is original and that the plaintiff complied with applicable statutory formalities.'" Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory, 689 F.3d 29, 40 (1st Cir. 2012) (quoting Lotus Dev. Corp. v. Borland Int'l, Inc., 49 F.3d 807, 813 (1st Cir. 1995)). "It is generally accepted that 'a certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid.'" Id. (quoting Lotus Dev. Corp., 49 F.3d at 813); see Johnson, 409 F.3d at 17 ("A certificate of copyright constitutes prima facie evidence of ownership and originality of the work as a whole."). Plaintiff has provided copies of its certificates of copyright registration for both copyrights, thus shifting the burden to Defendant to produce evidence that the copyright is not valid. See Doc. Nos. 128-148, 128-149, 128-150, 128-151, 128-152, 128-153. Defendant has not met its burden.

Contrary to what Defendant asserts in its Reply to Plaintiff's Objections, the onus is not on Plaintiff to prove originality. The existence of the certificates is sufficient to establish originality unless Defendant can rebut that presumption. See 17 U.S.C. § 410(c). At the outset, the Court notes that a contract can enjoy the protection of a copyright, that is they are not inherently uncopyrightable. See Total Marketing Techs., Inc. v. Angel MedFlight Worldwide Air Ambulance Servs., LLC, No. 8:10-cv-2680-T-33TBM, 2012 WL 2912515, at *5 (M.D. Fla. July 16, 2012) ("The Court finds nothing in the copyright regulations precluding copyright of a contract."); C&J Mgmt. Corp. v. Anderson, 707 F. Supp. 2d 858, 862 (S.D. Iowa 2009) (collecting cases); 1–2 Nimmer on Copyright § 2.18[E] (2009) ("There appear to be no valid

grounds why legal forms such as contracts . . . and other legal documents should not be protected under the law of copyright."). On the SOW, Defendant offers only speculation that the contract is not copyrightable but never explains why beyond conclusory assertions that the contract is not original. Defendant asserts in its reply that Microsoft provided the information and guidelines necessary to create the SOW. But as evidence Defendant points only to a Declaration which vaguely references that "Microsoft provided guidelines that needed to be achieved and included within the statement of work." Doc. No. 120 at 1. Defendant offers no specifics describing the guidelines Microsoft provided. This is insufficient evidence to overcome the presumption of validity because Defendant has not identified the material, if any, provided by Microsoft. Defendant also invokes the rule laid down in the Morrissey case suggesting that only a limited number of ways exist to express the terms of the SOW. See Morrissey v. Proctor & Gamble Co., 379 F.2d 675, 678–79 (1st Cir. 1967). But, the four corners of the SOW do not establish that point and Defendant fails to establish by evidence or meaningful argument that this is so.

On the query computer code, Defendant notes that some of the code involved in the queries were publically available, but he provides no evidence of any such code or its nature. Next, he states that he considers himself a coauthor of any original work but the Court ADOPTS the Magistrate Judge's rejection of this assertion for the reasons stated in the Report and Recommendation. Defendant also claims that the copyright is not valid because the work is not original, again based on the Microsoft guidelines. Defendant's evidence again falls short; based on the Declaration cited, Microsoft provided an Excel document that the code populated. Id. at 1–2. Defendant has not shown how Microsoft's providing a format for the output renders the code gathering the information and creating the output is uncopyrightable. Defendant's Morrissey argument again fails for the same reason as above: there are countless ways to write a

computer code that would gather the information Microsoft requires. Because Defendant has offered no evidence or persuasive argument that would rebut the presumption of copyrightability, Plaintiff has established ownership of a valid copyright as to both the SOW and the queries.

The second element is met by the Plaintiff showing, first, "that, as a factual matter, the defendant copied the plaintiff's copyrighted material." Johnson, 409 F.3d at 18. To do so, Plaintiff can either "present direct evidence of factual copying or, if that is unavailable, evidence that the alleged infringer had access to the copyrighted work and that the offending and copyrighted work are so similar that the court may infer that there was factual copying." Lotus Dev. Corp., 49 F.3d at 813. Here, access to the copyrighted work is undisputed. While Defendant attempts to assert that Plaintiff has not proven that the works are so similar as to allow an inference of copying, common sense tells us that they are copied. See Segrets, Inc. v. Gillman Knitwear Co., Inc., 207 F.3d 56, 62 (1st Cir. 2000) ("[T]here are unquestionably sufficient articulable similarities to justify a finding that the defendant has copied from the protected work. Indeed, other than color, it is difficult to find any articulable differences between the . . . design[s]." (quotation marks and citation omitted)). The documents are nearly identical with the exception of the company names. Compare Doc. No 128-57, with Doc. No. 128-58; compare Doc. No. 128-15, with Doc. No. 128-51. Thus, the Court concludes that Defendant copied Plaintiff's copyrighted material.

Second, Plaintiff must prove "that the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works substantially similar." Johnson, 409 F.3d at 18. Defendant offers citations to a number of cases about substantial similarity. When, as here, the documents are essentially identical with the exception of the company and

4

client names, Defendant has no serious argument about substantial similarity. The cases Defendant cites to attempt to establish that the documents are not substantially similar are unavailing because they concern works of art. See Johnson, 409 F.3d at 14 (musical composition); Concrete Machinery Co., Inc. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 603 (1st Cir. 1988) (concrete lawn ornaments). Those cases are easily distinguished from the situation that presents itself here: the content here was copied in full by Defendant. Defendant also argues that the existence of the Microsoft guidelines means that Plaintiff has not shown that the works are substantially similar. But Defendant has pointed to no code that was provided by Microsoft or provided the Microsoft guidelines to the Court to allow an analysis of whether what Defendant copied was original. Thus, Defendant has failed to raise an issue of material fact on either the SOW or the query copyright.

On Count I, Plaintiff's claim for copyright infringement as to the SOW (TXu-1-867-104) and the software by machine query computer code (TXu-1-867-067), the Court ALLOWS the Motion for Summary Judgment. The Court ADOPTS the Magistrate Judge's recommendation as to Count I for the other copyrights Plaintiff claims are infringed and note that Defendant did not object to this portion of the Recommendation of the Magistrate Judge. The Court rejects Defendant's objections to the Report and Recommendation. The Court ALLOWS Plaintiff's Motion to Supplement the Complaint, Doc. No. 133. The Court DENIES Plaintiff's Motion for Summary Judgment, Doc. No. 110, as to misappropriation of trade secrets (Count III), breach of contract (Count IV), and breach of the implied covenant of good faith and fair dealing (Count V). The Court ALLOWS Plaintiff's Motion for Summary Judgment as to the Lanham Act claims (Count II), unfair competition (Count VI), violations of Chapter 93A (Count VII), and unjust enrichment (Count VIII). The Court DENIES summary judgment on Defendants' counterclaims

for defamation (Count I), intentional interference with business relationships (Count II), uniform trade deceptive practices (Count III), and declaratory relief (Count V). The Court ALLOWS summary judgment for Plaintiff on Defendants' counterclaim for CFAA violations (Count IV).

Within fourteen days, the parties shall file a joint status report stating (a) the anticipated duration of trial; (b) whether the parties anticipate any mediation process and, if so, the amount of time needed for such a process (either in the Court's mediation program or otherwise as the parties prefer); and (c) whether all parties consent to the exercise of jurisdiction by the magistrate judge assigned to this case (the parties shall not report their individual positions and the failure to consent shall not result in any adverse substantive consequence).

        SO ORDERED.

        /s/ Leo T. Sorokin
        Leo T. Sorokin
        United States District Judge