

**STINSON
LEONARD
STREET**

Patrick R. Turner
402.930.1708 **DIRECT**
402.829.8736 **DIRECT FAX**
patrick.turner@stinson.com

March 20, 2017

**Sent via email: maria_simeone@mad.uscourts.gov ; mariliz_montes@mad.uscourts.gov**
**Sen via overnight mail**

The Honorable Leo T. Sorokin
United States District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
Courtroom #13, 5th Floor
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:  Case Name:   Soft-Aid, Inc. v. SAM-ON-DEMAND, LLC et al
     Case Number: 1:14-cv-10419-LTS

Dear Judge Sorokin:

This correspondence is intended to respond to the docket entry at Filing No. 188 made by the Court in the above captioned matter. The response has come in letter form for two reasons. First, I am not admitted to practice in Massachusetts. Second, following the bankruptcy filing of Sam-On-Demand, LLC, the employment of McGrath North and Hinckley Allen & Snyder, LLP came to end. At this point neither firm represents the bankruptcy estate of Sam-On-Demand, LLC.

In response to your order, and to avoid any further confusion, Sam-On-Demand does not wish to proceed with trial of its counterclaims while the Plaintiff's claims are subject to the automatic stay. Sam-On-Demand would reserve its rights and defenses with respect to its counterclaims and the Plaintiff's claims and nothing in this letter should be deemed a waiver of any rights or remedies Sam-On-Demand may possess. Sam-On-Demand would also reserve its rights with respect to the scope and applicability of the automatic stay with respect to Sam-On-Demand's counterclaims.

Separately, I have communicated with Mr. David Manfield's personal Chapter 13 bankruptcy attorney, John T. Turco, and he asked me to relay to the Court that he is in agreement with my assessment that both the Plaintiff's and Defendant's causes of action should be stayed pending further adjudication in the Bankruptcy Court. Potentially the parties will come to a mutually acceptable outcome in the bankruptcy cases or, or if not and alternatively, the Bankruptcy Court may lift the automatic stay to proceed with litigation in your Court.

If necessary, I would make myself available to answer any additional questions, though I will not be entering an appearance in this matter at this time.

Sincerely,

Stinson Leonard Street LLP

Patrick R. Turner

PRT